MONROE AUTOMOBILE & SUPPLY CO. v. ORIENT INS. CO.

No. 4563.

Court of Appeal of Louisiana. Second Circuit.

Dec. 1, 1933.

McHenry, Montgomery, Lamkin & Lamkin, of Monroe, for appellant.

Theus, Grisham, Davis & Leigh, of Monroe, for appellee.

MILLS, Judge.

This suit is on an insurance policy issued by defendant protecting plaintiff against the theft, robbery, and pilferage of automobiles owned by it, held for sale, or used in repair service. The acts insured against are excepted, if done by any person in the service or employment of assured, whether during the hours of service or not, or by any person to whom the assured has voluntarily surrendered the title and/or possession of the car, even if induced to do so by fraud or false pretense. The policy excludes any automobile stored or displayed in any open lot or unroofed space, but this provision does not apply to automobiles temporarily outside of buildings while being transported or moved in the ordinary course of business.

The policy specifically includes only cars stored in certain named locations. We quote this paragraph in full: "The specific locations named in the schedule of locations and limits of liability hereinafter are all the locations or spaces within locations owned, rented or controlled, wholly or in part, by the assured and used by the assured as places of storage of automobiles at the date of inception of this policy or to be used by the assured as such during the term of this policy. No liability shall attach hereunder at any location or space within location owned, rented or controlled, wholly or in part by the assured and used by the assured as a place of storage of automobiles, except for a period of 48 hours after commencement of such use, unless such location or space within location has been reported to this company and endorsed hereon."

The location from which the automobile is alleged to have been stolen is not included within the four named in the policy or in any indorsement thereon. The Dodge sedan alleged to have been stolen was a secondhand car taken in trade for an allowance of $350. It was being stored for sale on an open lot used by plaintiff for the storage of secondhand cars, and had been so stored for more than 48 hours previous to the time of the alleged theft. These facts are undisputed, practically all the testimony being upon the question of the employment of the taker of the car by plaintiff or its voluntary surrender of possession to him, and finally as to whether or not the acts committed by the taker of the car amounted to theft, robbery, or pilferage.

After due trial, the lower court found for defendant. Though not favored with a written opinion, we are informed in the briefs that its judgment was based upon the fact that the car was stored at a location not covered by the policy. Plaintiff strenuously contends that this constitutes a special defense which, not being pleaded, cannot be availed of by defendant.

An examination of plaintiff's petition discloses that it, after identifying the policy, alleges, "and which, for more certainty and more detailed allegation is attached hereto and made a part hereof, the same as though it were written herein in full. Petitioner makes all the said provisions, clauses, terms, stipulations and conditions of the said policy a part of this petition."

Paragraph 2 of plaintiff's petition reads: "Said policy, as will be observed from inspection thereof, insured your petitioner against loss of automobiles by theft."

There is no allegation that this particular car was covered by the policy or was kept on any of the locations named therein.

After reciting the alleged theft and claiming reimbursement for the damage sustained by the car, and the expense of recovering it, the petition goes on to say: "Petitioner shows that it has performed all the obligations im-

posed on it under and by virtue of the said policy and has done all things required thereby as a condition precedent to the bringing of this suit * * *."

While the general averments of the petition indicate that the policy protected the assured against all thefts; as a matter of fact, the instrument itself, made a part of the petition, shows that it covers only automobiles on certain locations.

We cannot agree with the plaintiff that the defense interposed—that the car at the time it was taken was not upon one of the locations named in the policy—is a special defense. The basic fact, of plaintiff's right to recover is that the particular automobile was insured by the defendant. Without the allegation or proof of this fact, plaintiff necessarily cannot recover. We think the allegation in the petition that all the conditions of the policy had been complied with is a general allegation that the automobile taken was upon a location enumerated, or had been on some other location less than 48 hours, and opens the way for the introduction of proof by defendant that it was not so located. We think the evidence clearly shows that the automobile at the time it was taken from the used-car storage lot was not included within the terms of the policy; that the evidence to this effect was admissible in the pleadings.

An exception of no cause of action was filed in this court by defendant. We think that an exception of vagueness filed in limine would have been good, but though the allegations were general in. character, they constitute a cause of action. We also, think that the case, having been tried and submitted upon the merits, should be decided upon that issue and not upon the exception, which is therefore overruled.

The plaintiff having failed to show that its car was covered by the policy sued on at the time it was taken, the judgment appealed from, in favor of defendant, is correct, and it is therefore affirmed.